

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 99-196-CR-SEITZ

Unsealed DE 54

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *Plaintiff,* ) | |
| ) | NIGHT BOX FILED |
| vs. ) | |
| ) | NOV 2 , 2001 |
| NICOLAS BERGONZOLI, ) | |
| *Defendant.* ) | CL... |
| _____ ) | |

## MEMORANDUM IN SUPPORT OF SENTENCE REDUCTION

*[handwritten note:]* pages of this docket entry which were unsealed by 5/23/03 order attached hereto.

Remainder of this docket entry remains under seal.

- 1 -

21/8

1  because there will be no way to see them.
2          MS. DIAZ:  Thank you, Your Honor.
3          MR. PEREZ:  We appreciate that.
4          THE COURT:  Before I accept your plea there are
5  some questions I will ask to assure it's valid.  If you
6  wish to consult with your lawyer before you answer, I will
7  allow you to do that.
8          Swear the defendant, Michael.
9          [The defendant was duly sworn].
10 BY THE COURT:
11 Q.   Do you understand that now that you have been sworn if
12 you do not tell me the truth your answers to my questions
13 will later be used against you in a separate prosecution for
14 perjury or making a false statement?
15 A.   I do.
16 Q.   For the record, state your full name, age, and the
17 extent of your education?
18 A.   My name is Nicholas Bergonzoli, I am 36, and I am an
19 architect.
20 Q.   Have you been able to communicate satisfactorily with
21 your lawyer either in English or Spanish or through an
22 interpreter?
23 A.   I do.
24 Q.   Have you recently been treated for any medical illness,
25 drug addiction of any kind, taken any drugs or medicine,

```
 1  anything that would affect your understanding of what's
 2  happening here today?
 3  A.  No, sir.
 4  Q.  You do understand what we are doing here today, do you
 5  not?
 6  A.  Yes, sir.
 7          THE COURT:  Counsel, you don't have any doubt
 8  about your client's competence to enter into this agreement
 9  with the government?
10          MR. PEREZ:  No, I do not, sir.
11  BY THE COURT:
12  Q.  Have you had enough time to thoroughly discuss your
13  plea and the charges in your case with your lawyer?
14  A.  Yes, sir.
15  Q.  Are you satisfied with his representation and advice?
16  A.  Yes, sir.
17  Q.  Anyone threaten you or anyone else, force you in any
18  way to enter into this plea agreement?
19  A.  No, sir.
20  Q.  Anyone make any promise to you other than the promises
21  that have been outlined here today in open court in this
22  sealed proceeding in addition to those promises that induced
23  you to plead guilty?
24  A.  No, sir.
25  Q.  Did your lawyer explain to you that under the
```

```
 1  constitution and laws of the United States if you had
 2  persisted in your not guilty plea you would be entitled to a
 3  trial by a jury where you would be presumed innocent, the
 4  government would have to prove your guilt beyond a
 5  reasonable doubt by presenting evidence and witnesses in
 6  court in your presence, your lawyer could cross examine the
 7  government's witnesses, object to the government's evidence
 8  and offer evidence on your behalf; you would not have to
 9  prove your own innocence?  Did he explain that to you?
10  A.   Yes, sir.
11  Q.   Did he also tell you at a trial while you would have
12  the right to testify if you wanted to, if you chose not to
13  testify I would instruct the jury not to consider that in
14  any way during their deliberations?  But if you do plead
15  guilty here today to the indictment you will give up that
16  right not to incriminate yourself since I will ask you
17  questions about what you did in order to satisfy myself that
18  you are guilty as charged and you will have to admit your
19  guilt, you understand that?
20  A.   Yes, sir.
21  Q.   And if you do plead guilty, and I accept it, you will
22  give up your right to a trial, the other rights I have just
23  discussed, there will be no trial, I will enter a judgment
24  of guilty and sentence you on the basis of this guilty plea
25  after I consider a presentence report?
```

1  A.    Yes, sir.

2          THE COURT: Ms. Diaz, what is the minimum,

3  maximum sentence, fine?

4          MS. DIAZ: Unless the defendant qualifies for the

5  safety valve the minimum sentence would be a ten year

6  minimum and a maximum of life imprisonment, a $4 million

7  fine and five years supervised release.  Those would be the

8  maximums.  $100 special assessment would also be

9  appropriate.

10         Your Honor, I don't know if it is a $100 special

11 assessment or $50 special assessment.  $50, it is a 1991

12 case.

13 **BY THE COURT:**

14 Q.    You realize you would be subject to that ten year

15 minimum mandatory plus a maximum of life, a fine of as much

16 as maybe $4 million, an assessment of $50 and a period of

17 supervised release after your term of imprisonment is up, do

18 you understand all of that, sir?

19 A.    Yes, sir.

20 Q.    Do you understand in federal law today parole has been

21 abolished so any sentence I ultimately sentence you to you

22 will not be released early on parole?

23 A.    Yes, sir.

24 Q.    Having discussed your rights with you, do you still

25 want to plead guilty in this case?

```
 1  A.    Yes, sir.
 2         THE COURT:  Ms. Diaz, what in summary would the
 3  government's evidence show if the case had to go to trial?
 4         MS. DIAZ:  Your Honor, if this case were to go to
 5  trial the government's evidence at trial would show that
 6  between August 1991 and December 7, 1991 in the District of
 7  Connecticut, and elsewhere, this defendant, Nicholas
 8  Bergonzoli, conspired with others, both known and unknown
 9  to import cocaine into the United States.
10         As a result of the conspiracy a shipment of
11  approximately 1200 kilograms of cocaine was intercepted as
12  it came in by Customs and DEA agents.  The government's
13  proof at trial would be proven by physical evidence along
14  with testimony of coconspirators and of the investigating
15  agents.
16         That would be the summary at trial.
17  BY THE COURT:
18  Q.    Then how do you plead to the charge in the indictment
19  just described by the government that you conspired to
20  import cocaine into the United States, guilty or not guilty?
21  A.    Guilty.
22         THE COURT:  The Court finds that this defendant
23  is competent and capable of entering into an informed plea;
24  that you understand the nature of the charge against you;
25  appreciate the consequences of pleading guilty and fully
```

```
 1  understanding your rights and possible penalties.
 2          The Court also finds that the evidence which the
 3  government is prepared to present contains all the elements
 4  of the crime and that your decision to plead guilty here
 5  today is freely, voluntarily, knowingly and intelligently
 6  made.  It is not the result of force or threats or
 7  promises, apart from those contained in the verbal plea
 8  colloquy we heard in open court.  That you have had the
 9  advice and counsel of a competent lawyer with whom you say
10  you are satisfied.  Your guilty plea to the indictment is
11  accepted.  I find you guilty of the offense charged in the
12  indictment.
13          As I indicated earlier, we will defer preparation
14  of the PSI until such time as I'm advised by your counsel
15  and the government that preparation of the PSI should be
16  commenced.  When that does occur it will be in your best
17  interests to cooperate so that it will make an affect on
18  how they calculate the guidelines.
19          If you find you believe the report is in error
20  you could seek to have them change it through your lawyer.
21  If you fail in that and you file a motion that's timely,
22  the Court will consider that on the sentencing date that we
23  will set in the future.
```