1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. |
| | ) | 99-196-CR-SEITZ |
| Plaintiff, | ) | (MOORE) |
| | ) | |
| v. | ) | Miami, Florida |
| | ) | May 23, 2003 |
| NICOLAS BERGONZOLI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SEALED**

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE MICHAEL K. MOORE

APPEARANCES:

For the Government:     LILLIAN SANCHEZ, ESQ.

For the Defendant:     JOAQUIN PEREZ, ESQ.

Court Reporter:     Richard A. Kaufman, C.M.R.R.

ATTACHMENT / EXHIBIT



2

1        THE COURT:   United States of America versus Nicolas

2   Bergonzoli, Case Number 99-196.

3        Counsel state their appearances for the record.

4        MS. SANCHEZ:   Lily Sanchez for the United States.

5        MR. PEREZ:   Joaquin Perez for Mr. Bergonzoli.

6        THE COURT:   Let me lay out the chronology of events

7   that bring us to the hearing today and I will begin by advising

8   the parties in the Bergonzoli case that I set this on short

9   notice and I appreciate you appearing on short notice.

10       I guess, Mr. Perez, it is apparent you have some sort

11  of sore throat.  I hope you feel well enough to help us out

12  here.

13       This motion that was filed to unseal the file in the

14  Bergonzoli case was filed by Mr. Black, who is requesting the

15  information in connection with a case that is before me, United

16  States versus Fabio Ochoa, and I don't have the number

17  immediately in front of me, but he is attempting to look at

18  that file because apparently, to the extent that

19  Mr. Bergonzoli's name has come up in the Ochoa case, he is

20  trying to make a determination whether or not to call him as a

21  witness.  Before he makes that determination, I would like to

22  get as much information as possible and he believes he is

23  entitled to the information that is contained in the Bergonzoli

24  case.

25       When he brought it to my attention, I didn't know, or

1    at least according to him if you look in the clerk's office

2    file all you get is nothing, so I suggested, based on what the

3    U.S. Attorney's Office had represented in the hearing

4    yesterday, in the Ochoa hearing yesterday, he go ahead and file

5    something to unseal and that it would get routed to whatever

6    Judge was assigned the Bergonzoli case.  That happened, and it

7    went to Judge Seitz who is out of the district, and it went

8    into the emergency wheel, he certified it as an emergency.  It

9    went into the emergency wheel and I was told the emergency

10   motion was assigned to me, which I can only conclude is a

11   coincidence.

12          I called Judge Seitz and she returned my call, we

13   spoke last night about the sealing issue and I explained to her

14   that I would like to be as deferential as possible to some

15   other Judge's determination that a file should be sealed.  But

16   in view of the manner in which this has progressed, I also

17   wanted to do whatever we could to resolve the motion so it

18   would not impact in the Ochoa trial and that is what we are

19   trying to do here.

20          I have gotten the file and I have looked at the

21   lengthy case that Mr. Black was citing to and it looks to me

22   under Valenti, the docket should be made, the docket sheet at a

23   minimum, should be made public, and that the docket should

24   reflect the number of docket entries that have been made in the

25   case, with the corresponding docket numbers.  Then, if a matter

1    needs to be sealed, that it should be reflected on the docket

2    entry that it has been sealed.

3         To my understanding, that is not what the docket

4    currently reflects, so I will give you both an opportunity to

5    be heard on this; bu at a minimum, we need to get the docket in

6    conformity with Valenti.  That is point one.

7         There also should be an order in the file that

8    addresses the sealing of whatever document the parties seek to

9    have sealed, and stating the reasons why that docket needs to

10   be sealed and that that order should be made public.  That is

11   the way I read Valenti, and none of the sealing orders in this

12   case have been made public.

13        I just want you to know where I am coming from, and

14   now tell me if you think I am wrong and if I am wrong, then

15   what you think we ought to do.

16        MS. SANCHEZ:  Your Honor, I have discussed this with

17   defense counsel, we concur with your reading of the Valenti

18   case.  We do believe the docket sheet should reflect the number

19   of the case, the Judge, the name of the defendant and also the

20   docket entry number with the appropriate sealed document entry

21   next to it if the document is so sealed.

22        As far as the order sealing the document, whether

23   those should be sealed or not, the government does not have any

24   objection to those orders not being sealed, so long as that

25   order sealing that document is a very general order that

1    basically says that the sealing is for a good cause that has

2    been represented to the Court, and I think that most of the

3    orders in this case that are orders to seal are those type of

4    general orders.

5          THE COURT:  Accordingly, the District Court's denial

6    of the motion to unseal must be supported with a finding that

7    the denial of access is necessary to preserve a higher value

8    and is narrowly tailored to serve that interest.

9          The order has to say something as to why we are

10   sealing these pleadings.  Otherwise, for example, anybody who

11   takes up the District Court on appeal and the Eleventh Circuit

12   looks at this, the Eleventh Circuit is not going to know why

13   the District Court acted in a way that it did.

14         MS. SANCHEZ:  To the extent that the order sealing

15   gives reason in a very general, vague manner -- the problem is,

16   if the sealing order says, hypothetically, we are sealing this

17   case because the defendant is working in an undercover capacity

18   with the United States and that undercover capacity with the

19   defendant working in such; if that information were to be

20   public would jeopardize the operation or the investigation,

21   then why seal anything at all because you are giving away

22   exactly what it is that is being sealed.

23         THE COURT: So what do you say?

24         MS. SANCHEZ:  The order should say something along the

25   lines, because this Court has reviewed the motion to seal and

```
 1   the pleadings filed by the government and defense, the District

 2   Court has found good cause and sufficient reasons why this case

 3   merits the sealing of the documents in this case, the documents

 4   that are being asked to seal and not sealing could jeopardize

 5   the government's or the defendant's interest in this case,

 6   etc., etc.; something in a more general fashion that wouldn't

 7   be giving away the reason why the case needed to be sealed.

 8          THE COURT:  Mr. Perez, do you want to contribute to

 9   this discussion.

10          MR. PEREZ:  I don't have anything to add to the

11   presentation by the government.

12          THE COURT:  The other part of the Valenti case notes

13   even when a Court properly denies the public and the press

14   access to portions of a criminal trial, the transcripts of

15   properly closed proceedings must be released when the danger of

16   prejudice passes; which raises the question of, is there today

17   a continuing need to have these, some or all, of the documents

18   in this file sealed?

19          MS. SANCHEZ:  It is the government's position, there

20   are at least eight separate documents that the government

21   believes should remain sealed.

22

23

24

25
```

```
 1          THE COURT:  It looks to me there are at least 48
 2   docket entries in the file.  Does that appear correct?
 3          MS. SANCHEZ:  Your Honor, I don't have an exact
 4   number, but there are a lot more than eight.
 5          THE COURT:  Let's just use 48 for discussion purposes.
 6   I know there are 49 now which is the motion for judicial
 7   recommendation and we have what would now be 50 and that is the
 8   emergency motion to unseal the Court file.
 9          MS. SANCHEZ:  And our response.
10          THE COURT:  That is 51.  We also have 52, which would
11   be Mr. Perez'.  We are dealing with 52 docket entries.  You say
12   eight should remain sealed.
13          MS. SANCHEZ:  At a minimum.  I haven't been able to go
14   through all those docket sheets with Mr. Perez to see if he
15   feels there is a need to keep more than those sealed.
16          THE COURT:  I think that is what we need to do.  If
17   what you are saying is a minimum of eight need to be sealed out
18   of 52, that leaves 44 that can be unsealed.
19          MS. SANCHEZ:  Right.  The reason why I say there are
20   eight, because at this point everybody knows Mr. Bergonzoli has
21   been arrested, there was an arrest warrant, an indictment, a
22   lot of the initial entries are the appearance paperwork, the
23   bond paperwork, the appearance document, the Rule 20 paperwork
24   when it was transferred down here, the waiver of removal, the
25   reassignment of the case when Judge Davis retired, the
```

1    sentencing date ordered, the resetting of the sentencing, the

2    order of continuance of sentence, the judgment and commitment

3    order which at this point we don't have a problem with

4    disclosing or unsealing.

5              THE COURT:  You don't need to go through them one by

6    one right now.  That is what we will have to get, and part of

7    this is, I have to make an independent determination.  I want

8    the benefit of both of your input and I also want to make a

9    record for appellate purposes and I want to demonstrate we have

10   been very deliberate in doing this so it will withstand

11   appellate scrutiny.

12

13

14

15

16

17

18

19

20

21

22             MS. SANCHEZ:  We can do that, Your Honor, but if we do

23   go into specifics what Mr. Bergonzoli was doing, this whole

24   hearing would be sealed.

25             THE COURT:  It would be, then we can pack it up, ship

1    it up and have the Eleventh Circuit look at it and I assume

2    from the Valenti opinion, that is what they expect of us to do

3    so they could have an independent review of it as well.

4        If you can tell me what documents you want sealed, we

5    can go through them one by one and you can make your case.

6        MR. PEREZ:  Judge, can I take a look at the file and

7    the docket entries?

8        (Interruption.)

9        THE COURT:  What do you think, Mr. Perez?

10       MR. PEREZ:  We have selected eight items I believe

11   should be sealed.  The rest can be unsealed.

12       THE COURT:  Can you identify those eight docket

13   numbers?

14       MS. SANCHEZ:  I have the dates the documents were

15   filed.  I did not have docket entries because I could not find

16   the docket entry on each one of them.

17       THE COURT:  It is on the first page.

18       There was a plea that took place on February 10, 2000.

19   That transcript should remain sealed.  There is an order in

20   there unsealing some portion specifically for the government

21   and defendant's counsel use.  The remaining minutes of the plea

22   should remain sealed.

23       THE COURT:  Let's start with the eight.  Give me your

24   first one.

25       MS. SANCHEZ:  The plea transcript of February 10,

```
 1    2000.  I am not sure the transcript is in there.

 2           The plea was sealed but before sentencing, both the

 3    government and the defense wanted a transcript.  In order for

 4    the court reporter to provide us a transcript, portions of it

 5    had to be unsealed which is what happened.  There is an order

 6    in there saying a portion of the transcript was unsealed for

 7    the benefit of the government and defense counsel, but I don't

 8    want the plea transcript itself to be unsealed.

 9           THE COURT:  I have the transcript of the plea

10    colloquy.  It is an attachment.

11           MS. SANCHEZ:  For the support of a sentence reduction

12    filed on November 26, 2001.

13           THE COURT:  That is Docket Entry number 21.

14           You have no objection to the unsealing of the motion,

15    do you, or do you?

16           MS. SANCHEZ:  Yes, I do.  Which motion are you talking

17    about?

18           THE COURT:  In support of sentence reduction.

19           MS. SANCHEZ:  That should be sealed and there is a

20    corresponding motion with respect to the PSI and a motion for

21    departure which goes along with that also filed on November 26,

22    2001.

23           THE COURT:  What is that called?

24           MS. SANCHEZ:  Objections to the PSI and request for

25    downward departure.
```

1    I believe that should be Docket Entry 20.

2    THE COURT:  20 is the motion to seal.  19 is the

3    objection to presentence investigation.

4    MS. SANCHEZ:  That is the one that needs to be sealed

5    also.

6    THE COURT:  I am assuming that, or tell me there are

7    attachments to Docket Entry 19 which include the reference to

8    the Colombian constitution, a letter from someone with a last

9    name Esperanzo, in Spanish, and some other Exhibit 3 that is

10   also in Spanish.  And you are also asking that they be sealed?

11   MS. SANCHEZ:  Yes, Your Honor, all the exhibits to

12   Docket Entry 19 and to the memo in support.

13   THE COURT:  That is two.

14   What is your next one?

15   MS. SANCHEZ:  The government's motion pursuant to

16   Rule 11.1, dated January 28, 2002.

17   THE COURT:  Rather than me do your job for you, I will

18   let you do it for yourselves.  You can take the file and you

19   can go through it and identify by docket entry number what

20   docket entry numbers you want sealed.  When you finish that,

21   then we can discuss why you want them sealed and we can justify

22   them on an entry by entry basis why you want them sealed.

23   (Interruption.)

24   MS. SANCHEZ:  We are ready, Your Honor.

25   THE COURT:  Go ahead.  Which docket entries?

1      MS. SANCHEZ:  Docket Entry number 9, the minutes of

2   the change of plea.  I don't believe that is in your file.

3      THE COURT:  There is a Docket Entry 9 in the file, the

4   minutes of the change of plea.  What is so special about that?

5      MR. PEREZ:  We don't need to seal that.

6      MS. SANCHEZ:  I want to make sure the minutes of the

7   change of plea do not include the transcript.

8      THE COURT:  It is a one page piece of paper.

9      MS. SANCHEZ:  Okay.

10     Docket Entry 19.

11     THE COURT:  19 and attachments.  What is it about 19

12   that requires in your mind, justifies sealing?

13     MR. SANCHEZ:  Mr. Perez is looking through it.

14     THE COURT:  Do you want it sealed?

15     MS. SANCHEZ:  I do.  I think it includes not only

16   personal information of the defendant, Mr. Bergonzoli, within

17   the objections, but it also asks for some reasons why downward

18   departure is applicable in his case and attached documents that

19   should not be in the public record.

20     THE COURT:  Can you refer me to where in the document

21   you are referring?

22     MR. PEREZ:  The concern I have has to do with

23   identifying family members.

24     THE COURT:  Can you show me where?

25     MR. PEREZ:

1

2          THE COURT:   Where do you say that?

3

4

5

6

7          THE COURT:   You want the last paragraph on page 6 out?

8          MR. PEREZ:   And the attachment.

9          THE COURT:   The attachment is?

10         MR. PEREZ:   Exhibit number 2.

11         THE COURT:   It is a series of letters.   Which letter

12   are you referring to?

13

14

15

16         THE COURT:   How about the rest of the docket entry?

17   So far you have gotten the paragraph on page 6 and Exhibit 2 of

18   that entry.

19         MR. PEREZ:   I think tha  will be all.

20         THE COURT:   That is Docket Entry number 19.   The rest

21   of it can remain unsealed.

22         Next?

23         MS. SANCHEZ:   Your Honor, Docket Entry number 21, the

24   memorandum in support of sentence reduction.

25         THE COURT:   What of that do you request needs to be

1    sealed?

2           MR. PEREZ:

3

4

5

6

7           THE COURT:   On page 1?

8           MR. PEREZ.   Page 2.

9           THE COURT:   Nothing on page 1?

10

11

12

13

14

15

16

17

18

19

20

21

22           THE COURT:   The last paragraph on page 1, the first

23    paragraph on page 2.

24

25

1

2

3

4

5

6

7

8

9

10          MS. SANCHEZ:   The government objects to doing this in

11   a piecemeal way where little portions of documents is sealed

12   and everything else is unsealed.  First of all, if we are going

13   to go paragraph by paragraph, line by line, on these documents,

14   for instance I myself don't feel comfortable doing that unless

15   I go back and do a careful review of each one of these

16   documents, specially, for instance, the memorandum in support

17   of sentence reduction.

18

19

20

21

22

23

24

25

1                              o0o

2

3          I certify that the foregoing is a correct

4     transcript from the record of proceedings

5     in the above-entitled matter.

6

7

8     _____              _____

9     Date                 Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25