

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

NICOLAS BERGONZOLI,

        Defendant,
_____/

CASE NO. 99-196
CR-SEITZ

## INTERVENOR'S NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Intervenor Fabio Ochoa, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the United States District Court's February 2, 2004 Order Denying His Consolidated Renewed Motion to Unseal Court File (attached hereto as Exhibit "A").

        Respectfully submitted,

        ROY BLACK
        [Fla. Bar No. 126088]
        HOWARD M. SREBNICK
        BLACK, SREBNICK, KORNSPAN &
        STUMPF, P.A.
        201 S. Biscayne Boulevard
        Suite 200
        Miami, FL 33131
        Telephone: (305) 371-6421
        [*Counsel for Fabio Ochoa*]

_____
G. RICHARD STRAFER
[Fla Bar No. 389935]
G. RICHARD STRAFER, P.A.
2400 S. Dixie Highway
Miami, Florida 33133
Tel: (305) 857-9090
Fax: (305) 854-2103

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of February, 2004, I caused a true and correct copy of the foregoing Notice of Appeal to be mailed to:

LILLY ANN SANCHEZ
Assistant United States Attorney
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
[*Counsel for the United States*]

SYLVIA WALBOLT
JOHN BLUE
STACEY SUTTON
CARLTON FIELDS
P.O. Box 2861
St. Petersburg, FL 33731
[*Counsel for the Amicus Curiae the American Civil Liberties Union of Florida, Inc.*]

JAMES A. MCLAUGHLIN
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1815 N. North Myer Dr., Suite 900
Arlington, VA 22209
[*Counsel for the Amicus Curiae
The Reporters Committee For Freedom of the Press*]

JOAQUIN PEREZ
6780 Coral Way
Suite 200
Miami, FL 33155
[*Counsel for Nicholas Bergonzoli*]

_____
G. RICHARD STRAFER, ESQ.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO 99-196-CR-SEITZ

UNITED STATES OF AMERICA,

v.

NICOLAS BERGONZOLI,
_____/



FILED by _____ D.C.
FEB 0 2 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER ON CONSOLIDATED RENEWED MOTION TO UNSEAL COURT FILE

This matter came before the Court on Intervenor's Consolidated Renewed Motion to Unseal Court File. The Motion seeks reconsideration of the May 23, 2003 Order unsealing this file except for those few docket entries that the Honorable K. Michael Moore determined should remain sealed to protect the higher values of human safety and on going investigations.[1] The Motion is problematic for two reasons.

First, it violates S.D.Fla.L.Rule 7.1F which prescribes the specific contents of a resubmitted motion previously ruled on by another judge. Second, it appears that the arguments raised in this motion, as well as the Intervenor's Motion to Strike the Government's Response and the subsequent papers these motions spawned[2], simply repeat matters that have been previously presented to and

---

[1] The Motion also seeks to disqualify Joaquin Perez as counsel for Defendant Bergonzoli. Neither Bergonzoli nor Intervenor has been called to testify against the other in their respective cases. Furthermore, Judge K. Michael Moore has previously ruled on Intervenor's motion to disqualify Mr. Perez in Intervenor's case which is now on appeal. Therefore, this aspect of the Motion is not properly before the Court.

[2] These include: (1) Government Response to Intervenor's Motion; (2) Bergonzoli's Objections to Intervenor's Motion; (3) Bergonzoli's Motion to Strike Intervenor's Reply; (4) Intervenor's Reply to the Objections and (5) Motion to Strike. S.D.Fla.L.Rule 7.1C limits motion papers to a supporting memorandum, a memorandum opposing the motion and a reply, without obtaining prior court approval.

ruled upon by Judge Moore in Intervenor's own case. Intervenor's case is on appeal before the United States Court of Appeals for the Eleventh Circuit. Presumably, Intervenor has raised all issues on appeal that he believes were not properly decided at the trial court level. Therefore, not only are these matters not properly before this Court, the papers relating to them should be stricken for failure to comply with the Local Rules of this Court.

The Court recognizes its responsibility to ensure that the sealing of court records is limited to those situations which require the preservation of higher values, such as protection of lives and ongoing investigations, and that such limitation be narrowly tailored to serve that interest. *See United States v. Valenti*, 987 F.2d 708 (11ᵗʰ Cir. 1993); S.D.Fla. L. Rule 5.4. Periodically, the Court reviews files to determine if circumstances permit previously sealed matters to be unsealed. In keeping with this practice, the Court will require counsel for the Government and the Defendant to update the Court in writing as to whether facts and circumstances have changed to permit the whole or partial unsealing of Docket Entries: 9, 14, 19, 21, 26, 27, 30, 36, 42, 49, 55, 70 through 76, and 79.

Therefore, it is

ORDERED as follows:

1. Intervenor's Consolidated Renewed Motion and exhibits are STRICKEN as unnecessary duplication of matters already presented to Judge Moore and for failure to comply with Local Rules. All papers that emanate from this motion are also stricken, specifically DE#s 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69 and 80.

2. Intervenor's Motion to file a memorandum in excess of 20 pages (DE#57) is DENIED.

2

3. No later than February 18, 2004, counsel for the Government and Defendant Bergonzoli shall file memoranda addressing the following Docket Entries: 9, 14, 19, 21, 26, 27, 30, 36, 42, 49, 55, 70, 71, 72, 73, 74, 75, 76, and 79, and state whether circumstances have changed to permit the unsealing, or partial unsealing, of each docket entry. The Court recognizes that some of these docket entries contain details that if released would jeopardize the safety of Defendant Bergonzoli and his family and criminal investigations. As to each docket entry that counsel submit should continue to be wholly or partially sealed, counsel shall identify with particularity the portion (by document page and paragraph) of the docket entry that should continue to remain sealed, the length of time it should remain sealed, and the reasons for the continued sealing. In undertaking this effort, the Court looks to counsel for the parties to remember that they are officers of the Court. Therefore, counsel for the Government shall prepare for the Court a redacted copy of any docket entry that will be partially unsealed which the Court will file after receiving the counsels' **February 18, 2004 submissions.**

DONE AND ORDERED in Miami, Florida this 2nd day of February, 2004.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Lilly Ann Sanchez, AUSA
Joaquin Perez, Esq.
Roy Black, Esq., 201 South Biscayne Blvd., Suite 1300, Miami, FL 33131

3